PIERCE, Judge.
This is an appeal by Joel L. Norris, defendant husband in the Court below, from a final decree entered in a divorce case brought against him by his then wife, Patricia L. Norris.
Patricia filed suit against Joel for a divorce and other relief, wherein Joel counterclaimed for relief, including a divorce from his wife. Considerable testimony was taken personally before the Chancellor, resulting in a final decree in favor of the wife, containing findings as follows:

"FINAL DECREE

“A number of witnesses appeared and testified on behalf of each of the parties. The testimony offered, which if true, was ample to justify a decree of divorce for the party offering such testimony. It becomes a question of weighing the equities between the parties.
“The wife charges the defendant husband with being guilty of extreme cruelty by cursing, swearing, and calling her vile and unprintable names, and also by abusing her physically. She prayed for *900 divorce, custody of the four minor boys, alimony, and support money, and custody and possession of the marital home along with certain other personal property.
“The defendant husband answered with a general denial and counterclaim for divorce charging his wife, among other thinngs, with extreme cruelty by having an adulterous affair and by reason of such conduct she is not a fit and proper person to have custody of the children. He competes for possession and use of the marital home together with personal property therein, and custody of the children.
“Each party asserts that further cohabitation between them is impracticable and impossible and that the real issue as far as they are concerned is permanent custody of the children. The main body of the evidence, other than inferences therefrom, is not in dispute.
“Neither of the parents according to the evidence before the Court has shown any outstanding qualifications as mother or father. This is not to say that they are unfit persons, but to point up the relative fitness and irresponsible acts on the part of each in the presence of their children. The Court emphasized that the welfare of these children is its continuing concern. The mother’s conduct, her nocturnal visitations with a male friend should be, and is frowned upon but the Court does not by reason thereof at this time find her to be unfit.
“On the other hand, the defendant does not deny cursing and using vile and unprintable language toward kis wife and this in the presence of one or more of the children. This conduct is anything but responsible and credible and is frowned upon by the Court.
“After a careful consideration of the testimony offered, and argument of counsel, the Court finds that the equities in this cause weigh in favor of the plaintiff.”
The decree thereupon granted the wife a divorce, awarded her the custody of the four minor children with visitation rights to the father, awarded support money for the minor children, awarded her title to the 1964 Chevrolet station wagon and a small boat in her possession, and also provided that she could have the use and occupancy of the former marital home of the parties. By appeal to this Court, the former husband and father questions the findings of the Court and the propriety of the decretal awards as mentioned.
No serious question of law is involved upon the appeal nor is any urged. It was strictly a fact case, growing out of marital discord that finally became so onerous to both parties that they mutually agreed to terminate it and to air out their respective grievances in the divorce Court, which they did.
As before stated, the Chancellor personally heard all the witnesses testify, observed their demeanor while doing so, and was in a position to properly evaluate and weigh the testimony adduced before him and determine the factual issues submitted. We have carefully examined the record brought here, together with the briefs of the parties, and are fully in accord with the findings made by the able Chancellor, who had ample, competent, and substantial evidence upon which to predicate his decree. We accordingly affirm, and adopt that portion of the Chancellor’s decree, hereinbefore quoted, as a part of the'opinion of this Court.
Affirmed.
LILES, C. J., and ALLEN, J., concur.